1803.

STEWART.
v.
WARNER.

The judgment was reversed, CHESTER, AUSTIN, and ALLEN, *Asts.* dissenting.

BY THE COURT. The question, in this case, is, whether a sentence of condemnation of a foreign court, of competent jurisdiction, can be avoided on account of fraud practised in obtaining it, when thus called in question collaterally, in this country ; and the Court are of opinion, that such sentence cannot thus be called in question, but must remain in full force, until avoided in some regular mode, in the country where it passed.

## Mead *v.* Tomlinson.

### In the Court Below,

BENJAMIN MEAD, only surviving partner of the late copartnership of *Oliver Lockwood*, deceased, and said *Mead*, under the firm of *Lockwood & Mead*, Plaintiffs ; ABRAHAM TOMLINSON, *Defendant.*

An action is not maintainable in favour of a copartnership, on a written instrument, entered into by one of the partners, in his own name only.

THIS action was brought upon certain covenants in a charter-party.

The plaintiff averred, that at the time of executing the charter-party, he and *Lockwood* were merchants in company ; that they were jointly interested in the property, and bound by the contracts, of each ; that all business transacted by either, under whatever name, was, in fact, transacted on their joint account, and for the equal benefit of both ; and particularly, that this charter-party was entered into by *Lockwood*, with the defendant and *William Coggshall*, [since deceased] for the joint account and benefit of himself and the plaintiff, which fact was well known to the defendant and *Coggshall*.

The defendant, after having prayed oyer of the charter-party, and set it out, from which it appeared, that it was signed by *Lockwood* only, pleaded in abatement, alleging, that the charter-party was entered into by the defendant and *Coggshall*, on the one part, and by *Lockwood*, on the other, and by no other person, or persons, whatsoever ; and that the suit, therefore, could be brought only in the name of *Lockwood's* administrator, and not in the name of the plaintiff, as surviving partner.

The plaintiff replied, affirming over the allegations in declaration respecting the copartnership.

The defendant demurred, and the Superior Court abated the process.

The plaintiff brought a writ of error on that judgment.

*Mills*, (of New-Haven) and *Smith*, (of New-Haven) for the plaintiff, argued, that the copartnership being established, and it being shewn, that the acts of each were binding upon both, enough was shewn to entitle the plaintiff to his action. They cited *Boson* v. *Sandford*, (a) *Hoare* v. *Dawes*, (b) *Willet* v. *Chambers*, (c) *Harrison* v. *Jackson*, (d) *Coope* v. *Eyre*, (e) and *Arden* v. *Sharpe*, (f)

*Edwards*, (of New-Haven) contended, that this being an action of covenant, it could not be supported by *Mead*, on an instrument executed solely by *Lockwood*. However the rule may be, in the case of actions against dormant partners, this action is not maintainable. The

(a) 3 *Lev.* 258.   1 *Show.* 29.   3 *Mod.* 321.   2 *Salk.* 440.
(b) *Doug.* 371 [355].                     (c) *Cowp.* 814.
(d) 7 *Term Rep.* 207.                   (e) 1 *H. Bl.* 37.
(f) 2 *Esp. Rep.* 524.

1803.

MEAD
v.
TOMLINSON.

contrary doctrine would destroy the individuality of partners, and render them incapable of a separate obligation. He cited the case of *Ripley* v. *Kingsbury*, (a) decided by this Court, in June, 1801.

BY THE WHOLE COURT,

The judgment was affirmed.

(a) This was an action on a promissory note, executed by *Stanley*, in his name only, payable to *Kingsbury*. The declaration stated, that *Ripley* and *Stanley* were merchants in company, under the firm of *Ripley* & *Stanley*; that *Stanley* was the acting partner; that the company were indebted to the plaintiff on book; and that *Stanley*, as their agent, executed the note, to secure payment of the debt. *Stanley* suffered a default. *Ripley* pleaded the general issue, and went to trial to the jury. The plaintiff obtained a verdict. *Ripley* moved in arrest of judgment, for the insufficiency of the declaration. The Superior Court adjudged the declaration sufficient. On a writ of error to the Supreme Court of Errors, that judgment was *reversed*.

## Taber *v.* Packwood.

### In the Court below,

JOSEPH PACKWOOD, *Plaintiff*; JOB TABER, executor of *Elizabeth Westcote*, deceased, *Defendant*.

An action will not lie, for taking and detaining personal property, belonging to the plaintiff, *as heir at law* of the deceased, before it has been distributed to him, under a regular administration.

THE declaration alleged, that on the 28th of May, 1776, *Phebe Shackmaple* made her last will and testament, by which she devised and bequeathed to *John Packwood* and *Joseph Packwood*, all her estate, of every kind or nature whatsoever, upon condition they should arrive to the age of twenty one years; that she also gave, by the will, the use of said estate to *Elizabeth Westcote*, during her natural life; that said *Phebe*, soon after executing said will, died, leaving personal estate, in money, and other articles, to the amount and